IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

NICIE SMITH AND
NANCY(SMITH) VAN DALSEN                                                   PLAINTIFFS

V.                              CASE NO.  4:11CV00743 JMM

ST. VINCENT INFIRMARY, ET AL.                                              DEFENDANT

ORDER

Plaintiffs seek leave to proceed *in forma pauperis*.  Because it appears that plaintiff's economic situation qualifies her for *in forma pauperis* status, the Court hereby grants plaintiff's application to so proceed (#1).

Nicie Smith brings this lawsuit on her own behalf and on behalf of Nancy (Smith) Van Dalsen who is deceased.  Plaintiff Smith's complaint brings claims based upon (1) negligence; (2) fraud; (3) forgery; (4) theft; (5) deception: (6) violations of federal and state mandates; (7) use of internet to violate medical privacy and general privacy guaranteed by the Patient Bill of Rights; (8) physical and mental abuse; (9) personal injury and death; (10) harassment; (11) intimidation; (12) terroristic threatening; (13) criminal conspiracy; (14) grand theft by deception; (15) hostile patient care; (16) torture; (17) medical malpractice; (18) fraudulent reporting of crime; (19) fraudulent use of laws to prevent the sale of a house and land to settle final expenses; (20) ticketing and harassing real estate personnel to prevent real estate sale; and (21) illegal alteration of land records.[1]  All of these claims are based upon the death of Van Dalsen and

---

[1] Plaintiffs previously filed a law suit regarding Van Dalsen's medical treatment which was dismissed without prejudice for lack of jurisdiction on October 20, 2010, by United States District Judge D.P. Marshall, Jr.  *See Nancy Smith Van Dalsen,* Case No. 4:10CV01207 (E.D. Ark. 2010).

the subsequent distribution of the her estate.

There is a two-step process to be followed by the district court in considering whether a *pro se* plaintiff should be permitted to proceed in forma pauperis. *Martin-Trigona v. Stewart*, 691 F.2d 856 (8th Cir. 1982). First there is a determination of whether the plaintiff qualifies by economic status under 28 U.S.C. § 1915(a). If she does, the complaint is permitted to be filed. *Id*. Second, assuming the allegation of poverty is not untrue, a determination is made under § 1915(e)(2)(B) of whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If so, the complaint is to be dismissed. *Id*.

The Court has granted Plaintiffs *in forma pauperis* status and now turns to the determination of whether, pursuant to § 1915(e)(2)(B), this action should be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous if it "describ[es} fantastic or delusional scenarios," the factual contentions are "clearly baseless," or there is no rational basis in law. *Neitzke v. Williams*, 490 U.S. 319, 327-29 (1989). A court may dismiss such a complaint before service of process and without leave to amend. *Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir.), *cert. denied*, 525 U.S. 1023 (1998). *See also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001), *cert. denied sub nom. Early v. Harmon*, 535 U.S. 1040 (2002).

An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a *pro se* complaint under §

1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Johnson v. Arden*, 614 F.3d 785, 798 (8th Cir. 2010). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In the instant lawsuit Plaintiff Smith contends that (1) she has a durable power of attorney which entitles her to bring the medical malpractice and other medical related claims on behalf of the deceased Van Dalsen and (2) she should be the executor of Van Dalsen's estate which she claims is being illegally administered by another. The Court finds that Plaintiff Smith has failed to state a claim based upon Van Dalsen's death and medical treatment because Smith's power durable power of attorney ended with death of the Van Dalsen. *See Ashley v. The J.D. Ashley, Sr. Fam. Ltd. Partn*. 2010 Ark. App. 473, 2010 WL 2933719 (2010). Moreover, this Court does not have jurisdiction over Smith's probate claims as her conclusory statements of law and alleged facts do not raise a federal question claim under 28 U.S.C. § 1331 and the cause of action fails to meet the diversity requirement of 28 U.S.C. § 1332. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (though liberally construed, *pro se* complaints must allege sufficient facts to support claims).

IT IS ORDERED that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. The Complaint is dismissed with prejudice. Judgment will be entered accordingly.

DATED this   2   day of November, 2011.

*James M. Moody*
James M. Moody
UNITED STATES DISTRICT JUDGE